UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUTERA, INC., <br><br>     Plaintiff, <br><br> v. <br><br> THE OZONED STUDIO MED SPA, LLC, et al., <br><br>     Defendants. | Case No. 22-cv-04054-VC <br><br> **ORDER DENYING MOTION TO DISMISS** <br><br> Re: Dkt. No. 22 |

The motion to dismiss for lack of personal jurisdiction is denied. Federal law governs the enforcement of forum selection clauses in diversity cases. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). And a valid forum selection clause in a contract constitutes consent to personal jurisdiction. *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1406–07 (9th Cir. 1994). Here, Ozoned does not dispute that Behlar signed the contract on its behalf. Nor does Ozoned make any arguments specific to the forum selection clause.

Instead, Ozoned contends that the agreed-to contract really contained an additional term that conditioned the deal on an otherwise unrelated real estate transaction. This dispute over the terms of the contract is an "action brought relating to [the] Agreement" that "shall be heard and determined . . . exclusively in San Mateo County Superior Court, California, or the United States District Court for the Northern District of California." Motion Ex. 1. It has no bearing on the validity of the forum selection clause.

Ozoned further argues for invalidating the whole contract for various reasons: because Behlar did not bother to read the two-page contract's terms before signing; because the contract's type was small; because the offer seemed to be "take it or leave it"; because it was signed at a

restaurant over drinks; and because it took a few days for Cutera to provide a copy of the signed contract to Ozoned. None of these reasons come close to invalidating a $171,000 contract between businesses.

      Cutera's request for attorney's fees is denied. The provision of the contract invoked by Cutera contemplates a fee award for the party that in an "action" brought "relating to" the contract. It does not contemplate a fee award whenever a party prevails on a motion within that action.

**IT IS SO ORDERED.**

Dated: October 11, 2022

_____
VINCE CHHABRIA
United States District Judge